February 16, 1979

**79-15   MEMORANDUM OPINION FOR ASSISTANT ATTORNEY GENERAL, LANDS AND NATURAL RESOURCES DIVISION**

**Federal Aviation Administration—Federal Airport Act of 1946 (60 Stat. 170)—Airport and Airway Development Act of 1970 (49 U.S.C. §§ 1716, 1723)—Conveyance of Federal Lands for Airport Development**

Mr. Harmon has asked me to respond to your memorandum requesting this Office to initiate action to reinstate the authority initially conferred by Executive Order No. 10536, but subsequently revoked by § 2 of Executive Order No. 12079. For the reasons expressed herein, we do not believe it necessary to reinstate that authority. Rather, we conclude that the authority conferred by § 1 of Executive Order No. 12079 is sufficient to meet your concerns.

### I. Background

You raise issues concerning the interrelationship of two separate but related pieces of legislation and the orders issued thereunder. The pertinent portions of the separate enactments relate both to the development of public airports and to Federal assistance to such projects. The first enactment, the Federal Airport Act of 1946, 60 Stat. 170 (hereinafter referred to as the 1946 Act), required that, as a condition of receiving Federal grants, State and local public agencies submit airport development project applications to the Administrator of the Federal Aviation Administration. § 9(a), 60 Stat. 174. The Administrator, before entering into any grant agreement, was required to approve the project application. Numerous conditions were to be met before approval could be given; one condition was that

No project shall be approved by the Administrator with respect to any airport unless a public agency holds good title, satisfactory to the Administrator, to the landing area of such airport or the

site therefor, or gives assurance satisfactory to the Administrator that such title will be acquired. [Section 9(d), 60 Stat. 175.]

Another provision of the same Act provided for the conveyance of Federal lands when the Administrator determined that this was "reasonably necessary for carrying out a project" under the Act. § 16(a), 60 Stat. 179. The procedure for carrying out such a conveyance was as follows:

Upon receipt of a request from the Administrator under this section, the head of the department or agency having control of the lands in question shall determine whether the requested conveyance is inconsistent with the needs of the department or agency, and shall notify the Administrator of his determination within a period of four months after receipt of the Administrator's request. If such department or agency head determines that the requested conveyance is not inconsistent with the needs of that department or agency, such department or agency head is hereby authorized and directed, with the approval of the President and the Attorney General of the United States, and without any expense to the United States, to perform any acts and to execute any instruments necessary to make the conveyance requested; but each such conveyance shall be made on the condition that the property interest conveyed shall automatically revert to the United States in the event that the lands in question are not developed, or cease to be used, for airport purposes. [Section 16(b), 60 Stat. 179.]

In Executive Order No. 10536 of June 9, 1954, the President authorized the heads of departments and agencies to execute conveyances under this provision without the approval of the President.

The second pertinent piece of legislation, the Airport and Airway Development Act of 1970, Pub. L. No. 91–258, 84 Stat. 219 (hereinafter referred to as the 1970 Act), repealed the 1946 Act, but it also enacted provisions which, to a great extent, adhered to that Act's approach. As a condition of receiving Federal grants, public agencies once again had to obtain approval of project applications for airport development. 49 U.S.C. §§ 1716(a), 1719. The conditions of approval were largely the same as in the 1946 Act, including that of good title, 49 U.S.C. § 1716(c), but stricter environmental standards were to be applied. *See* 49 U.S.C. § 1716(c)(4), (d) and (e). A provision similar to that of the 1946 Act was made for conveyances of Federal lands, except that certain parklands were exempted. 49 U.S.C. § 1723. In Executive Order No. 12079, 3 CFR 224 (1979), the President authorized the conveyances to be executed without his approval.

The repeal of the 1946 Act soon gave rise to the question whether, where grant agreements had been finalized under the 1946 Act, conveyances of Federal land pursuant to those agreements might still be made and approved under the authority of the 1946 Act. In our opinion of January 19, 1971, this Office answered the question affirmatively. The opinion relied on § 52(c) of the 1970 Act, 84 Stat. 219, 236, which explicitly continued in

effect "all orders, determinations, rules, regulations, permits, contracts, certificates, licenses, grants, rights and privileges" which had taken effect under the 1946 Act. The opinion also reasoned that, since a conveyance of land was "inextricably bound up with the grant agreement," Congress must have intended that the savings clause permitted conveyancing in accordance with the 1946 Act.

Under this interpretation, conveyances continued to be made under the 1946 Act by reason of Executive Order No. 10536, and were made without the approval of the President. Despite the significant lapse of time since the repeal of the 1946 Act, it is our understanding that a number of conveyances, which could be approved without Presidential approval under Executive Order No. 10536 and our previous opinion, have yet to be made. However, since Executive Order No. 10536 has been revoked by Executive Order No. 12079, the question is whether a new authorization must be obtained in order to execute these conveyances without the approval of the President. As noted above, we do not believe this to be the case.

## II. Discussion

Section 23 of the 1970 Act, 49 U.S.C. § 1723, provides as follows:

(a) Requests for use.

Subject to the provisions of subsection (c) of this section, whenever the Secretary determines that use of any lands owned or controlled by the United States is reasonably necessary for carrying out a project for airport development under this part, [part II], or for the operation of any public airport, including lands reasonably necessary to meet future development of an airport in accordance with the national airport system plan, he shall file with the head of the department or agency having control of the lands a request that the necessary property interests therein be conveyed to the public agency sponsoring the project in question or owning or controlling the airport. The property interest may consist of the title to, or any other interest in, land or any easement through or other interest in airspace.

(b) Execution of conveyances.

Upon receipt of a request from the Secretary under this section, the head of the department or agency having control of the lands in question shall determine whether the requested conveyance is inconsistent with the needs of the department or agency, and shall notify the Secretary of his determination within a period of four months after receipt of the Secretary's request. If the department or agency head determines that the requested conveyance is not inconsistent with the needs of that department or agency, the department or agency head is hereby authorized and directed, with the approval of the President and the Attorney General of the United States, and without any expense to the United States, to perform any acts and to execute any

97

instruments necessary to make the conveyance requested. A conveyance may be made only on the condition that, at the option of the Secretary, the property interest conveyed shall revert to the United States in the event that the lands in question are not developed for airport purposes or used in a manner consistent with the terms of the conveyance. If only a part of the property interest conveyed is not developed for airport purposes, or used in a manner consistent with the terms of the conveyance, only that particular part shall at the option of the Secretary, revert to the United States.

(c)   Exemptions of certain lands.

Unless otherwise specifically provided by law, the provisions of subsections (a) and (b) of this section shall not apply with respect to lands owned or controlled by the United States within any national park, national monument, national recreation area, or similar area under the administration of the National Park Service; within any unit of the National Wildlife Refuge System or similar area under the jurisdiction of the Bureau of Sport Fisheries and Wildlife; or within any national forest or Indian reservation.

Except for the language "under this part" in subsection (a), there is nothing in the section precluding its use in situations involving projects for airport development conducted under the authority of the 1946 Act. Rather, the language of the section is generally broad enough to encompass conveyances contemplated in grants under the 1946 Act.

Of course, the phrase "under this part" could be read to restrict the application of § 23 to those airport development projects conducted under the authority of part II of the 1970 Act. We do not believe, however, that the phrase was meant to preclude the use of § 23 in situations involving grants under the 1946 Act. Since § 23 largely restates the analogous provision of the 1946 Act, Congress obviously wished to *continue* that Act's purpose of allowing Federal lands to be conveyed for carrying out airport projects. This purpose would hardly be served by reading the language "under this part" to preclude the use of § 23 in projects conducted under the authority of the 1946 Act. Rather, in light of Congress' purpose in enacting § 23, and because part II of the 1970 Act is largely a reenactment of the 1946 Act, *see* H. Rept. 601, 91st Cong., 1st sess. 12-13 (1969), a more reasonable assessment of Congress' intent would be to interpret the term "under this part" as including projects undertaken under the 1946 Act.[1]

---

[1] Indeed, the language "under this part" essentially tracks the language "under this Act" in the analogous provision of the 1946 Act. This would suggest that it was not intended to restrict § 23 with respect to the 1946 Act, but rather was simply a continuation of the policy of the 1946 Act to allow Federal conveyances only for purposes of aiding airport development projects.

Another aspect of the statute supports our conclusion. As noted above, § 52 of the 1970 Act provides that grants in effect at the time of the effective date of the Act were to continue in effect. *See* 49 U.S.C. § 1701 note. Moreover, as we explained in our January 19, 1971 opinion, grant agreements were inextricably bound up with conveyances of Federal land. We cannot believe that Congress would, on the one hand, act to preserve grants under the 1946 Act that were dependent on such conveyances and, on the other hand, restrict § 23 to preclude conveyances with respect to these grants. Rather, since Congress wished to preserve existing grants, a more likely interpretation of § 23 would be that its authority is available to effectuate those grants.[2]

The legislative history of the 1970 Act supports this view. One committee report states that land may be conveyed under § 23 "for the purpose of carrying out projects for airport development." H. Rept. 601, 91st Cong., 1st sess. 15 (1969). *See also* H. Rept. 1074, 91st Cong., 2d sess. 43 (1970). This general statement of intent would appear to encompass projects conducted not only under the 1970 Act, but also under the 1946 Act. In addition, the Conference Report states that § 23 "continues, with minor modifications, the policy contained in existing law." H. Rept. 1074, 91st Cong., 2d sess. 44 (1970). Since the existing law had allowed for conveyances to aid projects under the 1946 Act, this statement would indicate Congress' intent to allow for the same result to occur under § 23.

We thus conclude that, where grant agreements had been finalized under the 1946 Act, conveyances of land may be made pursuant to those agreements under the authority conferred by § 23 of the 1970 Act. By reason of Executive Order No. 12079, such conveyances may be made without Presidential approval. There is thus no need to initiate action for reinstatement of the authority, contained in the revoked Executive Order No. 10536, in order to convey Federal lands without Presidential approval under the 1946 Act.

The fear has been expressed that, if conveyances are made under § 23 of the 1970 Act, other requirements of that Act would also have to be met. As we have already noted, however, Congress in the 1970 Act continued in force those grants under the 1946 Act that existed on the effective date of the 1970 Act. Even though the provisions of the 1970 Act may impose additional or different requirements on grants, it seems clear to us that those provisions do not apply to grants finalized before the 1970 Act became effective. Moreover, we see no reason for § 23 to be deemed inapplicable to 1946 Act grants by requirements which, as Congress expressly provided,

---

[2] We recognize that, in our January 19, 1971 opinion, we concluded that such conveyances could go forward under the authority of the 1946 Act. That opinion, however, did not deal with the availability of § 23 of the 1970 Act; rather, it dealt only with the question whether conveyances could be made under the revoked 1946 Act. While we have no occasion to question our prevous opinion's conclusion, we believe it more appropriate to proceed under the authority of § 23—which we believe to be applicable to projects under the 1946 Act—rather than under a provision in a repealed statute.

were not to apply to such grants. We have found nothing in § 23 or its legislative history to suggest a contrary conclusion; rather, on the basis of our previous discussion, we think that the language and the legislative history of § 23 indicate that Congress intended § 23 to permit conveyances pursuant to those grant agreements entered into under the 1946 Act.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*